IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

CIPHERBLADE, LLC, a Pennsylvania
Limited Liability Corporation,

        Plaintiff,

   vs.

CIPHERBLADE, LLC, an Alaska
Limited Liability Corporation,
MANUEL KRIZ, MICHAEL
KRAUSE, JORN HENRIK,
BERNHARD JANSSEN, JUSTIN
MAILE, IOANA VIDRASAN,
CIPHERBLADE APAC PTE LTD., a
Singapore Limited Company, JUSSI
AITTOLA, OMEGA3ZONE GLOBAL
LTD., a Cyprus Limited Company,
PAUL MARNITZ, INQUISITA
SOLUTIONS LTD., a Cyprus Limited
Company, and GREEN STONE
BUSINESS ADVISORY FZ LLC, a
United Arab Emirates Limited Liability
Corporation.,

        Defendants.

Case No. 3:23-cv-00238-JMK

**ORDER ALLOWING
ALTERNATIVE SERVICE OF
PROCESS**

     At Docket 14, Plaintiff CipherBlade LLC, moves to the Court to authorize

alternative service of the summons and complaint on Defendants CipherBlade APAC PTE

LTD, Jussi Aittola, Omega3Zone Global LTD, Paul Marnitz, Manuel Kriz, Ioana Vidrasan,

Michael Krause, Jorn Henrik Bernhard Janssen, Inquisita Solutions Ltd., and Green Stone Business Advisory FZ LLC (collectively "Foreign Defendants"). As explained below, Plaintiff's Motion in **GRANTED**. Plaintiff shall effect service of process on Foreign Defendants by email, direct message via social media, messaging via Telegram and Signal, text messaging, publication online, delivery to Foreign Defendants' attorneys, and service on a blockchain.

## I.  BACKGROUND

Plaintiff CipherBlade, LLC ("CipherBlade PA"), brings this civil action against a number of defendants, including Foreign Defendants, for misappropriation of trade secrets under 18 U.S.C. § 1836, violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1836 *et seq.*, unfair competition under 15 U.S.C. § 1125(a), violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.*, and related state claims.[1] CipherBlade PA originally filed its complaint in the Southern District of New York, but withdrew its complaint and refiled in the District of Alaska after the Defendants raised jurisdictional issues.[2] Upon filing in this District, CipherBlade PA notified the Court that Defendants CipherBlade, LLC ("CipherBlade Alaska") and Justin Maile waived service of the summons.[3] Additionally, CipherBlade PA sought to effect service to Foreign Defendants, including via email and messages to known Telegram

---

[1] Docket 1 at 2.
[2] *Id.* at 2–3.
[3] Docket 13-1; Docket 13-2.

*CipherBlade, LLC v. CipherBlade, LLC et al.*                                    Case No. 3:23-cv-00238-JMK
Order Allowing Alternative Service of Process                                                          Page 2
Case 3:23-cv-00238-JMK   Document 15   Filed 01/05/24   Page 2 of 8

accounts.[4]  However, CipherBlade PA's attempts to serve Foreign Defendants have been unsuccessful.[5]

## II.   LEGAL STANDARD

Service upon foreign individuals and foreign business entities is authorized in the manner prescribed by Federal Rule of Civil Procedure 4(f).[6]  As relevant here, Rule 4(f)(3) permits service in a place not within any judicial district of the United States "by . . . means not prohibited by international agreement as may be directed by the court."[7] Under the plain language of the rule, "service . . . must be (1) directed by the court; and (2) not prohibited by international agreement."[8]   "[C]ourt-directed service under Rule 4(f)(3) is as favored as service available under Rule 4(f)(1) or Rule 4(f)(2)"—it "is neither a last resort nor extraordinary relief."[9]  A party seeking authorization to serve under Rule 4(f)(3) need not show that all feasible service alternatives have been exhausted, but instead, it must "demonstrate that the facts and circumstances of the present case necessitate[ ] the district court's intervention."[10]

Court may order service through a variety of methods, "including publication, ordinary mail, mail to the defendant's last known address, delivery to the

---

[4] *See* Docket 14-2; Docket 14-3; Docket 14-4; Docket 14-5; Docket 14-6.
[5] Docket 14-7.
[6] Fed. R. Civ. P. 4(f) (providing for service on foreign individuals); Fed. R. Civ. P. 4(h)(2) (providing a corporation must be service at a place not within any judicial district of the United States "in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)").
[7] Fed. R. Civ. P. 4(f)(3).
[8] *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002).
[9] *Id.* at 1015 (internal quotation marks omitted).
[10] *Id.* at 1016.

*CipherBlade, LLC v. CipherBlade, LLC et al.*                                          Case No. 3:23-cv-00238-JMK
Order Allowing Alternative Service of Process                                                        Page 3

Case 3:23-cv-00238-JMK   Document 15   Filed 01/05/24   Page 3 of 8

defendant's attorney, telex, and most recently, email."[11]  Trial courts have discretion to "craft alternative means of service" so long as they comport with constitutional notions of due process.[12]  Ultimately, "the method of service crafted by the district court 'must be reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'"[13]

## III.  DISCUSSION

CipherBlade PA has demonstrated that alternative service by email, direct messaging via social media and text, Signal and Telegram message, publication online, delivery to the Foreign Defendants' former attorneys, and service on the blockchain is appropriate.

*First*, the alternative means of service contemplated here are not prohibited by international agreement.  The Court understands that individual defendant Jussi Aittola is domiciled in Singapore and that individual defendants Paul Marnitz, Manuel Kriz, Ioana Vidrasan, Michael Krause, and Jorn Henrik Bernahrd Janssen are domiciled in Cyprus.[14] Defendant CipherBlade APAC PTE LTD is alleged to be a Singapore limited company.[15] Defendants Omega3Zone Global Ltd. and Inquisita Solutions Ltd. are allegedly Cyprus limited companies, and Defendant Green Stone Business Advisory FZ LLC is allegedly a United Arab Emirates limited liability company.[16]

---

[11] *Id.*
[12] *Id.*
[13] *Id.* at 1016–17 (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)).
[14] Docket 1 at 4–5.
[15] *Id.*
[16] *Id.*

*CipherBlade, LLC v. CipherBlade, LLC et al.*                      Case No. 3:23-cv-00238-JMK
Order Allowing Alternative Service of Process                                        Page 4

Case 3:23-cv-00238-JMK   Document 15   Filed 01/05/24   Page 4 of 8

Neither the United Arab Emirates, nor Singapore, are signatories to the Hague Convention and the Court is not aware of any international agreements that prohibit alternative forms of service in these nations.[17] And while Cyprus is a signatory to the Hague Convention, it has not objected to Article 10 of the treaty and therefore, alternative service by email is permitted.[18] Furthermore, the Hague Convention does not preclude service by the other electronic means contemplated by CipherBlade PA.[19]

*Second*, the proposed methods of effecting service comport with constitutional notions of due process. Each method is reasonably calculated under the current circumstances to apprise Foreign Defendants of the pendency of this action and afford them an opportunity to respond. Furthermore, CipherBlade PA proposes to attempt service to each defendant using multiple methods.

Service by email is a common form of alternative service and is routinely blessed by trial courts.[20] Notwithstanding the delivery issues CipherBlade PA encountered when it initially sought to reach the Foreign Defendants by email, counsel may reattempt

---

[17] *See Trader Joe's Co. v. Desertcart Trading FZE*, No. 23-CV-01148-CRB, 2023 WL 3959376, at *2 (N.D. Cal. June 12, 2023) (finding that "alternative service [in UAE] is not prohibited by international agreement . . . UAE is not a signatory to the Hague Convention or any other international agreement with the United States regarding service of process"); *see also Assef v. Does 1–10*, No. 15-CV-01960-MEJ, 2016 WL 1191683, at *3 (N.D. Cal. Mar. 28, 2016) (finding that Singapore is not a member of the Hague Convention and there are no international agreements prohibiting alternative service, such as email to the defendant or US based counsel).

[18] *See Newmont USA Ltd. v. Imatech Sys. Cyprus Pty Ltd.*, No. 3:18-CV-00575HDMWGC, 2019 WL 3219144, at *3 (D. Nev. July 17, 2019).

[19] *See* Hague Convention, Art. 10, 20 U.S.T. 361 (1969); *see also Apaville LLC v. First Citizens Bank*, No. 20-80705-CIV, 2020 WL 13348682, at *2 (S.D. Fla. Aug. 11, 2020).

[20] *See*, e.g., *Rio Props.*, 284 F.3d at 1017–18; *Trader Joe's Co.*, 2023 WL 3959376, at *2; *ADT Sec. Servs., Inc. v. Sec. One Int'l, Inc.*, No. 11-CV-05149 YGR, 2012 WL 3580670, at *2 (N.D. Cal. Aug. 17, 2012).

service via email to the active and valid email addresses of Foreign Defendants.[21]  Given that cipherblade.com, a website associated with Foreign Defendants, displays a banner which links to a LinkedIn post that discusses this litigation, it is reasonable to assume that email addresses associated with Foreign Defendants using the cipherblade.com domain are viable addresses for those individuals and entities.[22]

Similarly, trial courts in this circuit have allowed service by direct messaging via social media, especially where there is evidence that the parties being served regularly used these platforms to communicate.[23]  In this case, direct messaging via social media is reasonably calculated to apprise the Foreign Defendants of the pendency of this action. Indeed, service via social media appears most likely to provide some Foreign Defendants actual notice of this action as evidence suggests that a defendant CipherBlade entity has recently posted on its LinkedIn account and individual Foreign Defendants have interacted with that post.[24]

Additionally, CipherBlade PA may attempt to serve via messages to Foreign Defendant's known or identifiable Signal and Telegram accounts and by text messaging. Like messaging via social media, these digital means are acceptable when the parties being served regularly use them to communicate.[25]

---

[21] *See* Docket 14-6.
[22] *See* CipherBlade, https://cipherblade.com/ (last visited January 4, 2024).
[23] *See*, e.g., *GSV Futures LLC v. Casmain L.P.*, No. 22-CV-05449-LB, 2022 WL 16856361, at *3 (N.D. Cal. Nov. 10, 2022); *St. Francis Assisi v. Kuwait Fin. House*, No. 3:16-cv-3240-LB, 2016 WL 5725002, at *2 (N.D. Cal. Sept. 30, 2016).
[24] Docket 14 at 10–12.
[25] *See* *Chegg, Inc. v. Doe*, No. 22-CV-07326-CRB, 2023 WL 7392290, at *4 (N.D. Cal. Nov. 7, 2023) (finding that service of an international defendant through Telegram is acceptable).

*CipherBlade, LLC v. CipherBlade, LLC et al.*                                    Case No. 3:23-cv-00238-JMK
Order Allowing Alternative Service of Process                                    Page 6

Case 3:23-cv-00238-JMK   Document 15   Filed 01/05/24   Page 6 of 8

Likewise, service upon Foreign Defendants U.S.-based counsel is reasonably calculated to apprise them of this action.[26]  Counsel at Steptoe LLC represented Foreign Defendants in the prior Southern District of New York case as recently as August 2023 and may still be in communication with them.[27]

Publication to generally-circulated online publication in Singapore, Cyprus, and the United Arab Emirates is also permitted.  Service by publication is a traditional and acceptable form of alternative service.[28]  Publication to regional, online publications in the regions in which Foreign Defendants reside are reasonably calculated to apprise them of this action.

Finally, service on the blockchain is a permissible, if unconventional, means of alternative service in this case.  CipherBlade PA indicates that it intends to airdrop a non-fungible token (or "NFT") containing a link to a digital copy of the summons and complaint via a blockchain wallet, a digital wallet that allows a user to store and manage information.[29]  Each wallet address is uniquely identified and linked to an email address and bank account, ensuring that, like an email address, it is specific to a particular user.  CipherBlade PA indicates it is aware of such unique addresses for Jussi Aittola and Green

---

[26] *Richmond Techs., Inc. v. Aumtech Bus. Sols.*, No. 11-CV-02460-LHK, 2011 WL 2607158, at *13 (N.D. Cal. July 1, 2011) ("Service upon a foreign defendant's United States-based counsel is a common form of service ordered under Rule 4(f)(3)."); *see also Microsoft Corp. v. Buy More, Inc.*, 703 Fed. App'x 476, 480 (9th Cir. 2017).

[27] *See* Docket 14-1.

[28] *See*, e.g., *Rio Props.*, 284 F.3d at 1016 ("[T]rial courts have authorized a wide variety of alternative methods of service including publication . . . ."); *Anderson v. Bitmart, LLC*, No. 8:22-CV-01035-FWS-JDE, 2022 WL 19076761, at *1 (C.D. Cal. Oct. 5, 2022).

[29] Docket 14 at 15.

*CipherBlade, LLC v. CipherBlade, LLC et al.*                          Case No. 3:23-cv-00238-JMK
Order Allowing Alternative Service of Process                                           Page 7

Case 3:23-cv-00238-JMK   Document 15   Filed 01/05/24   Page 7 of 8

Stone Business Advisory FZ LLC and may be able to identify further addresses for the remaining defendants.

This method of service is reasonably calculated to apprise the defendants of this action as this case involves a "blockchain investigation" company and the parties are knowledgeable about blockchain technology. Foreign Defendants' use of this technology in their profession makes it reasonable that service in this fashion would apprise them of the pendency of this action. Accordingly, CipherBlade PA may serve notice on the blockchain to the known and identifiable wallet addresses of Foreign Defendants.

## IV. CONCLUSION

For the foregoing reasons, CipherBlade PA's *Motion to Allow Alternative Service of Process* at Docket 14 is **GRANTED**.

IT IS SO ORDERED this 5th day of January, 2024, at Anchorage, Alaska.

_____
*/s/ Joshua M. Kindred*
JOSHUA M. KINDRED
United States District Judge

*CipherBlade, LLC v. CipherBlade, LLC et al.*                                      Case No. 3:23-cv-00238-JMK
Order Allowing Alternative Service of Process                                      Page 8
Case 3:23-cv-00238-JMK   Document 15   Filed 01/05/24   Page 8 of 8