# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

CIPHERBLADE, LLC, a
Pennsylvania Limited Liability
Corporation,

        Plaintiff,

        v.

CIPHERBLADE, LLC, an Alaska
Limited Liability Corporation, *et al,.*

        Defendants.

CIPHERBLADE, LLC, an Alaska
Limited Liability Corporation, *et al.,*

        Third-Party Plaintiffs,

        v.

RICHARD SANDERS, *et al.*,

        Third-Party Defendants.

CIPHERBLADE, LLC, an Alaska
Limited Liability Corporation, *et al.,*

        Counter-Claimants,

        v.

CIPHERBLADE, LLC, a
Pennsylvania Limited Liability
Corporation,

        Counter-Defendant.

Case No. 3:23-cv-00238-SLG

## ORDER RE MOTION FOR FEES AND COSTS AND FOR STAY OF PROCEEDINGS (FED. R. CIV. P. 41(d))

Before the Court at Docket 23 is Defendants CipherBlade LLC, Manuel Kriz, Michael Krause, Jorn Henrik Bernhard Janssen, Justin Maile, Ioana Vidrasan, Cipherblade APAC PTE Ltd., Jussi Aittola, Omega3zone Global Ltd., Paul Marnitz, Inquisita Solutions Ltd., and Green Stone Business Advisory FZ LLC's (collectively "Defendants") Motion for Fees and Costs and for Stay of Proceedings (Fed. R. Civ. P. 41(d)). Plaintiff CipherBlade LLC responded in opposition at Docket 45, to which Defendants replied at Docket 52. Oral argument was not requested by any party and was not necessary to the Court's decision.

## BACKGROUND

Plaintiff CipherBlade, LLC is a "blockchain investigation company" that has assisted governments and private entities in investigations of financial crimes.[1] Plaintiff alleges that, in 2022, Richard Sanders, the company's founder and owner, left his United States residence and stepped back from overseeing the company's operations.[2] Plaintiff further alleges that, leading up to and following Mr. Sanders' departure, Defendants stole Plaintiff's trade secrets, including customer leads, lists, and investigatory data.[3] Plaintiff further alleges that Defendants improperly accessed email accounts, the company's website, and other internal systems to

---

[1] Docket 51 at ¶¶ 28–29.

[2] Docket 51 at ¶¶ 27 & 30.

[3] Docket 51 at ¶ 31.

Case No. 3:23-cv-000238-SLG
Order re Motion for Fees and Costs and for Stay of Proceedings
Page 2 of 13
Case 3:23-cv-00238-SLG   Document 73   Filed 09/13/24   Page 2 of 13

facilitate a takeover of the business.[4]  Ultimately, Plaintiff asserts, Defendants

began operating an Alaska-based entity which they used to steal Plaintiff's assets

and clients.[5]

In an effort to remedy this situation, on June 30, 2023, Plaintiff sued many

of the same corporate and individual defendants that are named in this suit in the

U.S. District Court for the Southern District of New York.[6]  On July 20, 2023,

Plaintiff requested emergency injunctive relief in that court in the form of immediate

access to internal systems and data.[7]  On July 26, 2023, the parties appeared

before Judge Hellerstein for a hearing on the emergency motion.[8]  At the hearing,

the defendants indicated that they intended to challenge the Southern District's

personal jurisdiction over the defendants.[9]  The district court also expressed some

doubts as to both its subject matter and personal jurisdiction.[10]  The district court

ordered the defendants to file a motion to dismiss on jurisdictional grounds and set

---

[4] Docket 51 at ¶¶ 59–128.

[5] Docket 51 at ¶¶ 45–58 & 129–153.

[6] *CipherBlade, LLC v. CipherBlade, LLC., et al.*, Case No. 1:23-cv-05671-AKH (S.D.N.Y. Aug. 24, 2023), at Dockets 1 (filed in this case at Docket 24-2) (June 30, 2023 complaint) & 7 (filed in this case at Docket 24-3) (July 14, 2023 amended complaint).

[7] *CipherBlade, LLC*, Case No. 1:23-cv-05671-AKH, at Docket 9; *see also* Docket 24-8 at 9.

[8] Docket 24-8 (transcript); *see also CipherBlade, LLC*, Case No. 1:23-cv-05671-AKH, at Docket 15.

[9] Docket 24-8 at 3–4.

[10] Docket 24-8 at 17–20.

an expedited briefing schedule.[11]  On August 2, 2023, the defendants in that action duly filed the motion asserting that the Southern District of New York lacked both personal and subject matter jurisdiction and that venue in that district was improper.[12]

The following day, August 3, 2023, the district court held a conference with the parties, who indicated that they had reached an agreement with respect to many of the issues underlying Plaintiff's motion for emergency injunctive relief.[13] Both parties agreed to memorialize the terms of the agreement on the record and indicated they would file a written stipulation.[14]  With respect to the remaining issue of emergency relief, the district court denied Plaintiff's motion for a temporary restraining order.[15]

On August 8, 2023, the parties filed a stipulation that resolved most of the issues underlying Plaintiff's request for a temporary restraining order.[16]  Then, on August 23, 2024, while the defendants' motion to dismiss remained pending,

---

[11] Docket 24-8 at 5–6.

[12] *CipherBlade, LLC*, Case No. 1:23-cv-05671-AKH, at Dockets 27 & 28 (motion to dismiss) (filed in this case at Docket 24-10).

[13] Docket 24-9.

[14] Docket 24-9 at 3.

[15] *CipherBlade, LLC*, Case No. 1:23-cv-05671-AKH, at Docket 30 ("Except to the areas of agreement between the parties as defined in the stipulation to be filed on or before August 8, 2023, Plaintiff's motion for emergency relief is denied."); *see also* Docket 24-9 at 9.

[16] *CipherBlade, LLC*, Case No. 1:23-cv-05671-AKH, at Dockets 41 & 42.

Plaintiff voluntarily dismissed the New York suit pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).[17]

Plaintiff initiated this case several months later, on October 16, 2023.[18] Plaintiff's First Amended Complaint in this matter is predicated on the same facts, asserts many of the same claims that Plaintiff asserted in the case in the Southern District of New York, and names many of the same defendants.[19] Now, Defendants move for an award of attorney's fees totaling $222,683.00 that they incurred in New York under Federal Rule of Civil Procedure 41(d) and for a stay of this case until Plaintiff complies with the award.[20]

## LEGAL STANDARD

Federal Rule of Civil Procedure 41(d) provides as follows:

If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court:

(1) may order the plaintiff to pay all or part of the costs of that previous action; and

---

[17] *CipherBlade, LLC*, Case No. 1:23-cv-05671-AKH, at Dockets 44 & 45.

[18] Docket 1 (SEALED).

[19] *Compare* Docket 51 at ¶¶ 173–255 (asserting claims for misappropriation of trade secrets, violation of the Computer Fraud and Abuse Act, unfair competition, tortious interference, conversion, trespass to chattel, fraud, unjust enrichment, and violation of the Racketeer Influenced and Corrupt Organizations Act) *with CipherBlade, LLC*, Case No. 1:23-cv-05671-AKH, at Docket 1 (asserting claims for misappropriation of trade secrets, conversion, unfair competition, violation of the Lanham Act, trespass to chattel, and unjust enrichment against a number of the same defendants).

[20] Docket 23; Docket 24. *See also* Docket 25, ¶ 6; Docket 26, ¶ 13.

(2) may stay the proceedings until the plaintiff has complied.[21]

Rule 41(d) does not refer expressly to attorney's fees, but rather "costs."[22] In *Moskowitz v. American Savings Bank*, the Ninth Circuit recently reversed a district court's award of attorney's fees as part of "costs" pursuant to Rule 41(d) and held that "Rule 41(d) 'costs' do not include attorney's fees as a matter of right . . . ."[23] The panel declined to decide when a court may award attorney's fees under Rule 41(d).[24] It expressly did not "decide if bad faith is sufficient to allow a party to recover attorney's fees as 'costs' under Rule 41(d), as bad faith [had] not been alleged, much less proven" in the district court.[25] However, concurring in part and dissenting in part, Judge Wardlaw indicated that she would have "vacate[d], rather than reverse[d], the district court's award of attorney's fees with instructions to first determine whether Moskowitz acted in bad faith before deciding to award fees."[26] She further advocated that the Ninth Circuit join its sister circuits in concluding that Rule 41(d) "provides for an award of attorney's fees as part of an award of costs . . . in cases where the court finds that a plaintiff acted in bad faith, vexatiously, wantonly, or for oppressive reasons," reasoning that Rule 41(d) is an

---

[21] Fed. R. Civ. P. 41(d).

[22] Fed. R. Civ. P. 41(d)(1).

[23] *Moskowitz v. Am. Sav. Bank, F.S.B.*, 37 F.4th 538, 545 (9th Cir. 2022).

[24] *Id.* at 545–46.

[25] *Id.* at 546.

[26] *Id.* (Wardlaw, J., concurring in part, dissenting in part).

Case No. 3:23-cv-000238-SLG
Order re Motion for Fees and Costs and for Stay of Proceedings
Page 6 of 13
Case 3:23-cv-00238-SLG   Document 73   Filed 09/13/24   Page 6 of 13

"implicit codification[] of the 'bad faith' exception to the American Rule" that litigants bear their own attorney's fees.[27]

Following the Ninth Circuit's decision in *Moscowitz*, district courts within this circuit have found persuasive the reasoning of Judge Wardlaw and the Second, Fourth, and Tenth Circuits and concluded that they have the "discretion to award attorney's fees pursuant to Rule 41(d) whenever there is proof of bad faith, vexatiousness, wanton actions, or forum shopping in the filing of the original action."[28]  For example, in *Owen v. Hyundai Motor America*, the district court concluded that awards of attorney's fees as part of Rule 41(d) costs remain available "to deter bad-faith dismissals in search of a preferred court or judge" and serve the deterrence purposes of Rule 41(d).[29]  Further, the *Owen* court noted that the U.S. Supreme Court has long recognized district courts' "inherent authority to remedy abusive and bad faith litigation by awarding attorneys' fees."[30]

This Court finds persuasive the reasoning of Judge Wardlaw, other district courts within this circuit, as well as the Second, Fourth, and Tenth Circuits and concludes that it may award attorney's fees as part of Rule 41(d) costs when there

---

[27] *Id.* at 546–51 (internal quotations and citation omitted).

[28] *Milkcrate Athletics, Inc. v. Adidas Am., Inc.*, 619 F. Supp. 3d 1009, 1027 (C.D. Cal. 2022) (citing *Moskowitz*, 37 F.4th at 544); *see also Ortega v. American Honda Motor Co., Inc., Case No. 2:22-cv-04276-FLA (MRWx), 2023 WL 5207504, at *3 (C.D. Cal. Mar. 24, 2023); Owen, 2023 WL 2529782, at *3.*

[29] 2023 WL 2529782, at *3.

[30] *Id.* (citing *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 258–59 (1975)).

Case No. 3:23-cv-000238-SLG
Order re Motion for Fees and Costs and for Stay of Proceedings
Page 7 of 13
Case 3:23-cv-00238-SLG   Document 73   Filed 09/13/24   Page 7 of 13

is "proof of bad faith, vexatiousness, wanton actions, or forum shopping in the filing of the original action."[31]

"A finding of bad faith is warranted where an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent."[32]  "The bad faith requirement sets a high threshold . . . ."[33]

"Mere recklessness does not alone constitute bad faith; rather, an award of attorney's fees is justified when reckless conduct is combined with an additional factor such as frivolousness, harassment, or an improper purpose."[34]  In reviewing whether an award of costs is appropriate pursuant to Rule 41(d), "[d]istrict courts do not require a defendant to show the plaintiff acted vexatiously or in bad faith," but "instead impose the burden on plaintiffs to persuasively explain their actions."[35]

## DISCUSSION

Defendants move for an award of attorney's fees totaling $222,683.00 that they incurred in the New York litigation under Federal Rule of Civil Procedure 41(d)

---

[31] *Milkcrate Athletics, Inc.* 19 F. Supp. 3d at 1025.

[32] *Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 649 (9th Cir. 1997) (internal quotation marks and citation omitted).

[33] *Id.*

[34] *Rodriguez v. United States*, 542 F.3d 704, 709 (9th Cir. 2008) (internal quotation marks and citation omitted).

[35] *Owen*, 2023 WL 2529782, at *1 (citations omitted).

Case No. 3:23-cv-000238-SLG
Order re Motion for Fees and Costs and for Stay of Proceedings
Page 8 of 13
Case 3:23-cv-00238-SLG   Document 73   Filed 09/13/24   Page 8 of 13

and for a stay of this case until Plaintiff complies with the award.[36]   Plaintiff

maintains that an award of attorney's fees is not warranted as it engaged in good

faith litigation and had legitimate reasons for both its voluntary dismissal of the

New York action and for filing this case.[37]  Additionally, it asserts that the motion

is moot because Defendants have now filed an Answer, an Amended Answer and

Counterclaims, and a Motion to Dismiss in this case.[38]

   *First*, the Motion for Fees and Costs and for Stay of Proceedings is not moot.

A motion may become moot when the relief it seeks can no longer be granted.[39]

That is not the case here.  Although Defendants have made filings since requesting

a stay, those filings do not preclude this Court from granting the relief Defendants

seek in the instant motion: an award of costs and a stay until Plaintiff complies with

the award.  *Doe v. Taos Municipal School*, which Plaintiff cites, is not to the

contrary.[40]  In *Doe*, the district court denied a motion to stay as moot because the

motion had sought a stay while a motion to dismiss was pending and the court

had, in the same order, denied as moot the motion to dismiss and granted Plaintiff's

---

[36] Docket 23; Docket 24.

[37] Docket 45 at 5–6.

[38] Docket 45 at 7 (citing Docket 37, Docket 41, and Docket 43).

[39] *See, e.g., United States v. Sanchez*, Case No. 16-cr-2077-BEN, 2021 WL 5999764, at *1 (S.D. Cal. Dec. 17, 2021) ("[T]he motion for compassionate release becomes moot because there is no further relief this Court can provide."); *cf., e.g., Am. Rivers v. Nat'l Marine Fisheries Serv.*, 126 F.3d 1118, 1123 (9th Cir. 1997), *as amended* (Sept. 16, 1997) ("If an event occurs that prevents the court from granting effective relief, the claim is moot and must be dismissed.").

[40] Case No. 1:20-cv-01041-SCY-JHR, 2023 WL 5015394, at *10 (D.N.M. Aug. 7, 2023)).

Case No. 3:23-cv-000238-SLG
Order re Motion for Fees and Costs and for Stay of Proceedings
Page 9 of 13
Case 3:23-cv-00238-SLG   Document 73   Filed 09/13/24   Page 9 of 13

motion to amend her complaint.[41]  In ruling on the motion to dismiss, the *Doe* Court

eliminated the possibility of granting the relief the motion to stay sought, rendering

it moot.[42]

     *Second*, neither an award of fees nor a stay is warranted in this case.

Defendants assert that an award of fees and costs is appropriate under Rule 41(d)

because Plaintiff dismissed a materially similar suit in the Southern District of New

York and filed this suit both to avoid anticipated unfavorable rulings on personal

jurisdiction and subject matter jurisdiction in that court.[43]  Furthermore, they assert

that Plaintiff acted vexatiously and in bad faith by filing this case in New York and

did so in order to create inconvenience and expense and thereby gain a tactical

advantage.[44]  Defendants also point out that, until September 2023, Plaintiff did

not attempt to access the information that it had represented to the Southern

District of New York two months earlier it needed immediately.[45]  Plaintiff responds

that it had a legitimate reason for dismissing the New York case—that after the

case was filed, the parties stipulated to Plaintiff's access to the information and

---

[41] *Id.*

[42] *Id*.

[43] Docket 24 at 14–17.

[44] Docket 24 at 3, 14–19.

[45] Docket 24 at 18 (citing Docket 26 at ¶¶ 14–15); *see also* Docket 24-8 at 7 and 9 (discussing access to data as an issue underlying Plaintiff's request for a TRO); Docket 24-9 at 3 (same).

Case No. 3:23-cv-000238-SLG
Order re Motion for Fees and Costs and for Stay of Proceedings
Page 10 of 13
Case 3:23-cv-00238-SLG   Document 73   Filed 09/13/24   Page 10 of 13

systems about which it was concerned.[46]  Furthermore, Plaintiff reasons that it was

appropriate to file the second case in this Court because it maintains that

Defendants have not complied with the parties' stipulation and that filing in this

forum would resolve the jurisdictional issues.[47]

Other district courts in this circuit have ordered a plaintiff pay attorney's fees

and stayed the proceedings when the plaintiff did not present a persuasive

explanation for its actions.[48]  In this case, Plaintiff's First Amended Complaint is

materially similar to the complaint it filed in New York.[49]  But Plaintiff has provided

a sufficient explanation for its decision to file in the Southern District of New York

and its subsequent voluntarily dismissal of that action after a stipulation had been

reached and the jurisdictional concerns brought to its attention.[50]

Further, there is no proof of "bad faith, vexatiousness, wanton actions, or

forum shopping in the filing of the original action."[51]  Defendants contend that

---

[46] Docket 45 at 5.

[47] Docket 45 at 5–6.

[48] *See e.g., Milkcrate Athletics*, 619 F. Supp. 3d at 1025–26 (awarding fees); *Owen*, 2023 WL 2529782, at *3 (awarding fees and granting a stay).

[49] *Compare* Docket 51 at ¶¶ 173–255 (asserting claims for misappropriation of trade secrets, violation of the Computer Fraud and Abuse Act, unfair competition, tortious interference, conversion, trespass to chattel, fraud, unjust enrichment, and violation of the Racketeer Influenced and Corrupt Organizations Act) *with CipherBlade, LLC*, Case No. 1:23-cv-05671-AKH, at Docket 1 (asserting claims for misappropriation of trade secrets, conversion, unfair competition, violation of the Lanham Act, trespass to chattel, and unjust enrichment).

[50] Docket 45 at 5; *see also* Docket 51 at ¶¶ 59–128.

[51] *Milkcrate Athletics, Inc.*, 619 F. Supp. 3d at 1027; *see also Ortega*, 2023 WL 5207504, at *3; *Owen*, 2023 WL 2529782, at *3.

Case No. 3:23-cv-000238-SLG
Order re Motion for Fees and Costs and for Stay of Proceedings
Page 11 of 13
Case 3:23-cv-00238-SLG   Document 73   Filed 09/13/24   Page 11 of 13

Plaintiff's decision to refile in this district shows bad faith because it evinces an intent to "attempt to inconvenience Defendants in New York, and then forum-shop for a more inexpensive and proper venue" and that "bad faith was all but confirmed after it withdrew the [New York] case," as "Plaintiff acknowledged that it had not even attempted to access the information that it claimed, over a month earlier, it needed urgently."[52] But Plaintiff has provided a persuasive explanation that its decisions to dismiss in New York and refile in Alaska were motivated by legitimate reasons and not by an improper motive. And Plaintiff's delay in accessing the information guaranteed to it by the parties' stipulation does not constitute bad faith. As Defendants' New York counsel's declaration reflects, Plaintiff was concerned about its ability to obtain access to certain information, not necessarily its immediate use.[53] Additionally, Defendants insist that Plaintiff's inclusion of their home addresses in the initial complaint in this case demonstrates bad faith.[54] But Plaintiff responded with a non-opposition to a motion to strike this information, removing the specter of bad faith.[55] In sum, Plaintiff has persuasively demonstrated that it did not voluntarily dismiss its New York action and file this action with an intent to harass or vex Defendants.

---

[52] Docket 24 at 17–18.

[53] Docket 26 at ¶ 7.

[54] Docket 52 at 4–5.

[55] Docket 45 at 7–8.

Finally, given that the Court has concluded that an award of attorney's fees pursuant to Rule 41(d)(1) is not warranted, an accompanying stay pursuant to Rule 41(d)(2) is not appropriate.

## CONCLUSION

For the foregoing reasons, Defendants' Motion for Fees and Costs and for Stay of Proceedings at Docket 23 is **DENIED**.

DATED this 13th day of September 2024, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:23-cv-000238-SLG
Order re Motion for Fees and Costs and for Stay of Proceedings
Page 13 of 13
Case 3:23-cv-00238-SLG   Document 73   Filed 09/13/24   Page 13 of 13